IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SARAHONG, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil No.: BPG-22-328 |
| SMARTLINK, LLC | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4.  (ECF No. 13). Currently pending are plaintiffs' Motion for Conditional Certification and Issuance of Court-Authorized Notice ("Motion for Conditional Certification") (ECF No. 16), defendant's Response and Opposition to Plaintiffs' Motion for Conditional Certification and Issuance of Court-Authorized Notice ("Opposition") (ECF No. 19), and plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice ("Reply") (ECF No. 20).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons discussed herein, plaintiffs' Motion for Conditional Certification (ECF No. 16) is granted in part and denied in part.

## I.   BACKGROUND

The following facts are alleged by plaintiffs Phajeemas Sarahong, Lucie Saether, and Kayla Cassano ("plaintiffs") in their sworn declarations.  (ECF Nos. 16-2, 16-3, 16-4).  Defendant Smartlink, LLC ("defendant") is a telecom services company and provides engineering, maintenance, and inspection support to clients, among other services.  (ECF No. 16-2 ¶ 3).

Plaintiffs were employed by defendant in different offices across the country as project coordinators during various periods between August 2018 and December 2020.  (ECF Nos. 16-2 ¶ 6, 16-3 ¶ 6, 16-4 ¶ 6).  As project coordinators, plaintiffs provided administrative support to clients, including recording project fees and costs, processing, tracking, and monitoring service forms and equipment orders, uploading documents into clients' servers, and preparing and submitting invoices.  (ECF Nos. 16-2 ¶¶ 7-14, 16-3 ¶¶ 7-14, 16-4 ¶¶ 7-14).

Plaintiffs and other project coordinators did not have the authority to hire or fire other employees and they "did not have any input in regard to any of [defendant's] employment policies or procedures."  (ECF Nos. 16-2 ¶¶ 16-17, 16-3 ¶¶ 16-17, 16-4 ¶¶ 16-17).  While plaintiffs were scheduled to work 40 hours each week, they often worked overtime, although defendant classified them as exempt salaried employees not eligible for overtime wages.  (ECF Nos. 16-2 ¶¶ 18-25, 16-3 ¶¶ 18-25, 16-4 ¶¶ 18-25).  In January 2021, however, defendant renamed the position of project coordinator as "program coordinator" and reclassified plaintiffs and other project coordinators as hourly non-exempt employees eligible to receive overtime wages.  (ECF Nos. 16-2 ¶¶ 26-27, 16-3 ¶¶ 26-27, 16-4 ¶¶ 26-27).  Plaintiffs assert in their declarations that the duties they performed before and after their reclassification in January 2021 "were exactly the same." (ECF Nos. 16-2 ¶ 27, 16-3 ¶ 27, 16-4 ¶ 27).

On February 7, 2022, plaintiffs Sarahong and Saether filed suit against defendant in this court.  (ECF No. 1).  On February 14, 2022, plaintiff Cassano joined this lawsuit.  (ECF No. 5). In their Complaint, plaintiffs allege that defendant failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law, and the Washington Minimum Wage Act.  (ECF No. 1 at 21-25). On March 17, 2022, plaintiffs moved for conditional certification of a collective action and

requested court-authorized notice to potential opt-in plaintiffs.  (ECF No. 16 at 1).  Plaintiffs seek to represent a class of similarly situated project coordinators who were classified as exempt and paid a salary during the three years prior to the filing of the Complaint.  (ECF No. 16-1 at 9-10).

## II.    STANDARD OF REVIEW

Plaintiffs may maintain a collective action against their employer for violations of the FLSA pursuant to 29 U.S.C.§ 216(b).  Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008).  Section 216(b) allows "similarly situated" employees to opt in to a lawsuit by providing their consent.  Id. (citation omitted).  It is well settled that the district court has the discretion to decide whether to allow a FLSA claim to proceed as a collective action and to facilitate notice to potential plaintiffs.  Id. (citation omitted); see also Marroquin v. Canales, 236 F.R.D. 257, 259 n.7 (D. Md. 2006) (holding that "the same legal standards apply for assessing the appropriateness of both proceeding as a collective action and providing court approved notice to potential class members").

When deciding whether to certify a collective action, courts generally follow a two-step process.  Syrja v. Westat, Inc., 756 F. Supp. 2d 682, 686 (D. Md. 2010).  At the first step, known as the notice stage, the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative class members would be appropriate."  Syrja, 756 F. Supp. 2d at 686. (citation omitted) (internal quotation marks omitted).  The second stage, referred to as the decertification stage, occurs after the close of discovery.  Rawls v. Augustine Home Health Care, Inc., 244 F.R.D. 298, 300 (D. Md. 2007).  At the decertification stage, the court makes a final decision about whether a collective action is proper.  Id.

At the notice stage, a putative class plaintiff must make a "relatively modest factual showing" that he is similarly situated to potential opt-in plaintiffs.  Marroquin, 236 F.R.D. at 259 (citation omitted).  "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law."  Id. at 260 (citation omitted). While mere allegations in a complaint are insufficient to show substantial similarity, a plaintiff may make an adequate factual showing by affidavit.  Id. at 259–60 (citation omitted).  Such an affidavit must set forth more than "vague allegations" with "meager factual support" to establish substantial similarity.  D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 894 (D. Md. 1995).  As noted above, however, a plaintiff need not conclusively establish that there is a similarly situated class until the post-discovery decertification stage.  Rawls, 244 F.R.D. at 300.

## III.  DISCUSSION

### A.  Conditional Certification

Plaintiffs move for conditional certification and request court-authorized notice to potential plaintiffs.  (ECF No. 16 at 1).  Specifically, plaintiff argues that the collective action should be defined as "all Project Coordinators who were classified as exempt and paid a salary during the three (3) years prior to the filing of the Complaint."  (ECF No. 16-1 at 9-10).  At this stage, plaintiffs have made the requisite modest factual showing through their sworn declarations that there exists a similarly situated class of potential plaintiffs who were subject to a common policy, scheme, or plan that may have violated the law.  Marroquin, 236 F.R.D. at 259-60.  As plaintiffs note, they and other project coordinators performed very similar work, including collecting and maintaining paperwork for their assigned projects, uploading documents for review, and recording fees and costs. (ECF No. 16-1 at 7). Plaintiffs also contend that they and other project coordinators lacked hiring, firing, and company-wide policy-setting authority.  (Id. at 7-8).  In addition,

plaintiffs and other project coordinators worked similar schedules and "it was common practice" for them to work overtime.  (Id. at 8).  Further, plaintiffs and other project coordinators received similar salaries[1] and were not compensated for working overtime prior to defendant's reclassification of project coordinators from salaried exempt employees to hourly non-exempt employees in January 2021.  (Id. at 9).

Defendant argues that plaintiffs "cannot identify a group of similarly situated potential class members as there is no viable putative class identified in Plaintiffs' Complaint or Motion because the Project Coordinator was properly classified as a salaried exempt position pursuant to the FLSA's administration exemption."  (ECF No. 19 at 9).  Defendant's argument, however, and its related analysis of the application of the FLSA's administrative exemption to plaintiffs and other project coordinators in this case (id. at 9-12), are misplaced.  At the notice stage of the certification process, plaintiffs need only provide "relatively modest" evidence that they are similarly situated to other potential class members.  Syrja, 756 F. Supp. 2d at 686.  Arguments regarding the merits of plaintiffs' claims are irrelevant at this stage of the case.  See Miranda v. Superior Maint. & Mgmt., Co., No. PJM-06-775, 2007 WL 9782571, at *2 (D. Md. Jan. 19, 2007) (noting that plaintiffs must first make a "minimal preliminary showing that the potential plaintiffs are similarly situated," and only after discovery will a court decide the merits of the case and whether the class is properly situated) (quotation marks omitted) (citing Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003)).  In sum, the allegations in plaintiffs' declarations provide sufficient evidence of a similarly situated class of potential plaintiffs who were victims of a common policy, scheme, or plan by which defendant failed to compensate project coordinators for working overtime and which may have violated the law.

---

[1] As plaintiffs note, their annual salaries ranged from $40,000 to $52,000.  (ECF No. 16-1 at 9).

### B. <u>Notice to Potential Class Members</u>

Given that plaintiffs have met their preliminary burden of showing that there are other similarly situated employees, notice will be provided to all project coordinators who were classified as exempt and paid a salary during the three years prior to the filing of the Complaint. To facilitate such notice, plaintiffs request a 45-day notice period and authorization to distribute and mail their proposed judicial notice and opt-in form to potential plaintiffs.  (ECF No. 16-1 at 10).  Plaintiffs request that defendant disclose the class list in their proposed format, which includes potential plaintiffs' addresses and phone numbers.  (<u>Id.</u>)  Plaintiffs also seek "each collective member's personal email address" from defendant and, in the event that defendant does not provide a personal email address or if an email is returned as undeliverable, plaintiffs request that they be allowed to send notice by text message.  (<u>Id.</u> at 10-11).  In addition, plaintiffs request the opportunity to send a reminder notice to potential class members who have yet to respond 15 days before the notice period closes.  (<u>Id.</u> at 11).  Defendant, however, opposes plaintiffs' requests. First, defendant argues that a 30-day notice period is sufficient.  (ECF No. 19 at 12).  Next, defendant proposes an alternative judicial notice and opt-in form and contends that notice should be given by U.S. mail, not by email or text message.  (<u>Id.</u>)  Finally, defendant asserts that there is no basis for plaintiffs' request to send reminder notices.  (<u>Id.</u> at 13).

With respect to the length of the notice period, the court agrees with defendant that a 30-day notice period is sufficient.  The court, however, is persuaded that plaintiffs' proposed methods of notice are appropriate.  Specifically, plaintiffs are authorized to distribute and mail their proposed judicial notice and opt-in form (ECF No. 16-5) to potential plaintiffs, and defendant is directed to disclose the class list using plaintiffs' proposed format (ECF No. 16-6).  The court has also recognized that e-mail communication is "now the norm" and in numerous cases has directed

FLSA defendants to produce such information.  See Arnold v. Acappella, LLC, No. BPG-15-3001, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016) (citing Calder v. GGC-Balt., LLC, No. BPG-12-2350, 2013 WL 3441178, at *3 (D. Md. July 8, 2013).  Accordingly, defendant is directed to provide plaintiffs with each collective member's personal email address in its possession.  Upon receipt of said email addresses, plaintiffs are authorized to email the notice using their proposed format (ECF No. 16-7), including a link to complete the form through DocuSign.  Plaintiffs may also send shortened notice by text message in their proposed format (ECF No. 16-8) to those individuals for whom defendant does not provide a personal email address or whose email is returned as undeliverable.  See Roldan v. Bland Landscaping Co., Inc., No. 3:20-CV-00276-KDB-DSC, 2022 WL 304838, at *9 (W.D.N.C. Feb. 1, 2022) (allowing plaintiff to send notice by text message, noting that "text messaging has become far more common, being regularly used for commercial as well as personal communications").  In addition, plaintiffs may send reminder notices as they request and in their proposed format (ECF No. 16-9).  See McCoy v. Transdev Servs., Inc., No. DKC-19-2137, 2020 WL 2319117, at *8 (D. Md. May 11, 2020) ("Reminder notices are nothing more than a targeted second contact with those likely to be eligible to join the collective action.") (quotation marks and citation omitted).

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Conditional Certification and Issuance of Court-Authorized Notice (ECF No. 16) is granted in part and denied in part.  Specifically, it is hereby ORDERED that: (1) the notice period shall last 30 days; (2) the class is conditionally certified as to all project coordinators who were classified as exempt and paid a salary during the three years prior to the filing of the Complaint; (3) plaintiffs are authorized to distribute and mail their proposed judicial notice and opt-in form to potential plaintiffs; (4) defendant shall disclose

7

the class list using plaintiffs' proposed format; (5) defendant shall provide to plaintiffs each collective member's personal email address in its possession; (6) plaintiffs may notify potential plaintiffs by email using their proposed format and, if defendant does not provide a personal email address or if an email is returned as undeliverable, plaintiffs may send shortened notice by text message using their proposed format; and (7) plaintiffs may send reminder notices to individuals who have yet to respond 15 days before the notice period closes.  A separate order will be issued.


June 8, 2022                                                     ___/s/_____
                                                                Beth P. Gesner
                                                                Chief United States Magistrate Judge